UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSHUA E. FRANKEL,

      Plaintiff,

v.                                          Civil No. 2:18cv107

UNITED STATES OF AMERICA,

and

JAVEN EVONNE DAVIS, *solely in her capacity of an uninsured driver pursuant to Virginia Code § 38.2-2206, as amended,*

      Defendants.

## OPINION AND ORDER

This matter is before the Court on a motion to dismiss for lack of subject matter jurisdiction, filed by the United States of America ("United States" or "the Government"), and Javen Evonne Davis ("Davis," and collectively with the United States, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 6. Plaintiff opposes dismissal, asserting that this action was properly filed in this Court.

### I. FACTUAL AND PROCEDURAL HISTORY

#### A. Factual Background

On March 31, 2015, at approximately 7:37 a.m., Plaintiff, an employee of the United States Navy, was injured by a vehicle

negligently operated by Davis, who is also an employee of the Navy. Compl. ¶¶ 17-18, ECF No. 1. Plaintiff was struck by Davis' vehicle while he was walking in a crosswalk within Naval Station Norfolk, a military base in Norfolk, Virginia. Id. Plaintiff asserts that he was "on his way to the gym on his own volition" when he was hit, and that he was "not under any orders associated with his employment with the Navy," was not "on an official Navy assignment," and "was not on duty." Id. ¶ 19.

In addition to, and/or in contradiction to, such facts, Defendants support their dismissal motion by providing a sworn affidavit from Suly Diaz, Plaintiff's Navy Supervisor.[1] ECF No. 7-1, ¶ 2. Diaz asserts, under oath, that on the morning of the accident, Plaintiff was required to report to the on-base sports center to participate in mandatory physical training scheduled to begin at 7:30 a.m. Id. ¶ 5. Diaz further indicates that such training was "the beginning of the workday" for Plaintiff. Id. Although Plaintiff's responsive brief denies that he was on his way to mandatory physical training, Plaintiff provides no affidavit or other evidence to support such contrary factual statement made in his brief. ECF No. 11, at 4; see Kulhawik v.

---

[1] As discussed below in Part II of this Opinion, when ruling on a motion challenging the accuracy of jurisdictional allegations that are not intertwined with the merits, the Court "may consider exhibits outside the pleadings" and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (citation omitted).

2

Holder, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence").

In addition to the disagreement over Plaintiff's reason for going to the on-base gym, the parties' briefs dispute the degree to which Naval Station Norfolk is open to the public. Defendants advance two additional sworn affidavits seeking to demonstrate that: (1) access to the base was restricted to those with an employment, familial, or other connection to the military, ECF No. 7-2; and (2) the gym that Plaintiff was walking to on the day of the accident is located on the base, is operated for the benefit of servicemembers, and may only be patronized by military personnel and other <u>authorized</u> individuals, ECF No. 7-3. Plaintiff does not counter such affidavits with any evidence, but again advances unsworn assertions referencing the vast number of "civilians" that have daily access to the base. ECF No. 11, at 4.

### B. Procedural History

Plaintiff unsuccessfully pursued an administrative claim with the Navy for his injuries resulting from the accident, and he thereafter filed the instant action in this Court. Compl. ¶ 15-16. In an apparent effort to recover damages through Plaintiff's "uninsured motorist" auto insurance coverage,

Plaintiff's lawsuit names both the United States and Davis as defendants.[2] ECF No. 1.

Defendants subsequently moved to dismiss this case on jurisdictional grounds, claiming that: (1) the suit cannot proceed against Davis based on this Court's ruling in a prior federal case filed by Plaintiff;[3] and (2) that the case cannot proceed against the United States due to the doctrine of sovereign immunity. ECF No. 7. Defendants further argue that an uninsured motorist claim cannot proceed because Va. Code § 38.2-2206(F) requires that a Plaintiff <u>first secure</u> a judgment against the owner or operator of the uninsured vehicle, and here, Plaintiff cannot obtain a judgment against either Defendant. ECF No. 7.

---

[2] As argued in Defendants' motion to dismiss, the United States asserts that it is immune from suit, which is why Plaintiff seeks to recover under his own auto insurance policy. Plaintiff is insured through Government Employees Insurance Company ("GEICO"), and Plaintiff served GEICO with a copy of the complaint in this case. GEICO thereafter filed, as an "interested party," a memorandum adopting the arguments advanced in Defendants' brief seeking dismissal. ECF No. 10.

[3] In late 2016, Plaintiff filed a lawsuit in Norfolk Circuit Court against Davis, and such case was removed to this Court by the United States pursuant to a "Notice of Substitution" and "Certification" asserting that the United States was the only proper defendant. 2:16cv674, ECF No. 1-2. On June 26, 2017, after receiving evidence, another Judge of this Court issued an Order concluding that Davis was acting "within the scope of her employment" at the time of the accident and that the United States was therefore the proper defendant. 2:16cv674, ECF No. 18, at 8. Based on such ruling, Plaintiff conceded that his federal case should be dismissed, without prejudice, due to his failure to exhaust administrative remedies available through the Department of the Navy. <u>Id.</u> at 1. Now that Plaintiff has exhausted such remedies, he has returned to this Court.

## II. STANDARD OF REVIEW

The party asserting subject matter jurisdiction bears the burden of proving that such jurisdiction exists. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When an individual sues the United States for damages, he or she also bears the burden to demonstrate that the Government unequivocally waived its sovereign immunity. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995); see Anderson v. United States, 669 F.3d 161, 164 (4th Cir. 2011) ("Where the United States has not waived its sovereign immunity, a plaintiff's claim against the United States should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).").

Subject matter jurisdiction may be challenged facially or factually. Adams, 697 F.2d at 1219. A facial challenge contends that a "complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In ruling on such a challenge, the court assumes that all facts alleged in the complaint are true. Id. In contrast, a factual challenge to subject matter jurisdiction relies on the assertion that "the jurisdictional allegations of the complaint [a]re not true." Id. In ruling on a factual challenge that is not intertwined with the merits of the underlying action, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Williams, 50 F.3d at 304 (quoting

Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)); see U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009) ("Unless the jurisdictional facts are intertwined with the facts central to the merits of the dispute, the district court may . . . resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits."). When evaluating the jurisdictional evidence, the court may consider "evidence by affidavit, depositions or live testimony." Adams, 697 F.2d at 1219; see Al Shimari v. CACI Premier Tech., Inc., 840 F.3d 147, 154 (4th Cir. 2016) ("The district court is authorized to resolve factual disputes in evaluating its subject matter jurisdiction.").

## III. DISCUSSION

Here, Plaintiff seeks a judgment against the United States as the party substituted for the driver (Davis) that struck him with her car. Compl. ¶ 2. Alternatively, to the extent that the Government is immune from Plaintiff's suit, Plaintiff names Davis as a defendant in an effort to obtain a ruling by this Court that would allow Plaintiff to proceed against GEICO under Plaintiff's own uninsured motorist policy. Compl. ¶¶ 3-4. However, as discussed below, Plaintiff is barred from proceeding against either party.

## A. Plaintiff Cannot Proceed Against Davis

First, Plaintiff cannot maintain a claim directly against Davis because another judge of this Court, in dismissing Plaintiff's prior suit arising out of the same incident, held that Davis was acting within the scope of her federal employment at the time of the accident. Case No. 2:16cv674, ECF No. 18; cf. Compl. ¶ 2. Although the dismissal of Plaintiff's earlier action was without prejudice to Plaintiff's right to refile the instant case, Plaintiff may not relitigate the scope of employment question because the doctrine of "issue preclusion" prevents further litigation of this previously decided issue. See Wright & Miller 18 Federal Practice & Procedure Jurisdiction § 4418 (3d ed.) (explaining that when "a first action is decided on grounds that do not preclude a second action" asserting the same claim, the plaintiff retains the ability to file such second action, but "direct estoppel" precludes "reargument of the grounds decided in the first action"); Capitol Envtl. Servs., Inc. v. N. River Ins. Co., 778 F. Supp. 2d 623, 633 (E.D. Va. 2011), aff'd, 484 F. App'x 770 (4th Cir. 2012) ("[E]ven a judgment not on the merits will generally have preclusive effect at least as to the same issue for which dismissal was ordered.").

Consequently, here, the United States must be substituted as the proper defendant, and Davis has absolute immunity "not

simply from liability, but from suit." Boggs-Wilkerson v. Anderson, No. 2:10cv518, 2011 WL 6934598, at *2 (E.D. Va. Nov. 17, 2011) adopted by 2011 WL 6934596 (E.D. Va. Dec. 30, 2011) (quoting Osborn v. Haley, 549 U.S. 225, 238 (2007)); see Maron v. United States, 126 F.3d 317, 321-22 (4th Cir. 1997) ("[E]ven in cases where the United States has not waived its immunity, the United States must still be substituted and the individual defendant still remains immune from suit if the tort occurred within the scope of employment"). Because Davis is immune from suit, an action against her cannot proceed.

**B. Plaintiff Cannot Proceed Against the United States**

Having determined that the United States is the only proper defendant, the Court next concludes that Plaintiff's suit cannot proceed against the United States based on the doctrine of sovereign immunity. Although the United States has consented to a waiver of its immunity through the Federal Tort Claims Act ("FTCA"), United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 807-08 (1984), the Supreme Court has expressly held that the FTCA does not waive the Government's immunity "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Feres v. United States 340 U.S. 135, 146 (1950).

The Fourth Circuit has consistently held that the Feres doctrine is not "restricted to actual military operations such

as field maneuvers or small arms instruction." Hass v. United States, 518 F.2d 1138, 1141 (4th Cir. 1975). Instead, the applicability of the doctrine considers, among other factors, "the plaintiff's duty status and the location of the tort." Kessler v. United States, 514 F. Supp. 1320, 1322 (D.S.C. 1981). The Fourth Circuit has thus broadly recognized that the Feres doctrine encompasses "all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military." Stewart v. United States, 90 F.3d 102, 105 (4th Cir. 1996) (quotation marks and citation omitted); see Aikens v. Ingram, 811 F.3d 643, 651 (4th Cir. 2016).

In Stewart, the Fourth Circuit held that the Feres doctrine barred a suit against the United States arising from an on-base car accident that occurred while a servicemember was driving back to his on-base residence to shower and prepare for his next military responsibility. Id. at 104. Even though the injury did not occur on route to a scheduled military activity, the court held that such case "lies at the heart of the Feres bar." Id. Similarly, the Fourth Circuit has held that an off-duty serviceman injured while riding a military-provided horse could not sue the United States because recreational activity benefits the military by boasting morale and health. Hass, 518 F.2d at 1141-42; see Mariano v. United States, 444 F. Supp. 316, 320

(E.D. Va. 1977), aff'd, 605 F.2d 721 (4th Cir. 1979) (rejecting the plaintiff's contention that "for an injury to be incident to service the serviceman must have been receiving direct benefits from the military at the time of the injuries"); see also Chambers v. United States, 357 F.2d 224, 229 (8th Cir. 1966) (noting that even if the plaintiff "had a furlough order in his pocket or might have been engaged in swimming for recreation," his claim was barred by Feres because his "use of the pool, which was a part of the base, was related to and dependent upon his military service; otherwise, he would not have been privileged to use it").

Here, because the jurisdictional dispute involves facts wholly separate from the facts Plaintiff must establish in support of his FTCA negligence claim, the jurisdictional facts are not "intertwined" with the merits, thus allowing this Court to "resolve the jurisdictional facts." U.S. ex rel. Vuyyuru, 555 F.3d at 348.[4] As noted above, Rule 12(b)(1) permits a defendant to mount a factual challenge to jurisdictional allegations through the presentation of evidence, and Defendants

---

[4] Alternatively, assuming, arguendo, that the facts relevant to the Feres dispute were "intertwined" with the merits of Plaintiff's case, the Court would typically not resolve such an issue without first affording the parties the opportunity to perform jurisdictional discovery. Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). However, the instant record, to include Plaintiff's admissions and arguments in his brief, illustrates the absence of a need for discovery prior to the resolution of the Feres dispute because the most relevant jurisdictional facts (the location of the accident, Plaintiff's duty status, the reason Plaintiff was walking to the gym) are all within Plaintiff's own knowledge. See Rich v. United States, 811 F.3d 140, 146 (4th Cir. 2015).

have done precisely that in this case. Plaintiff, however, offers no <u>evidence</u> in response, instead offering only unsworn facts advanced in a brief in opposition.

Accepting as true Defendant's affidavits that have not been refuted through conflicting evidence, Plaintiff was both "on duty" and on base at the time of the accident, as he was hit by a fellow servicemember on his way to mandatory military fitness training at the on-base gym. ECF No. 7-1, ¶ 5. The general public was not only restricted from accessing the base, but also the gym, absent permission to do so. ECF Nos. 7-2, 7-3. On such facts, it cannot reasonably be disputed that this case falls squarely within the "heart of the <u>Feres</u> bar." <u>Stewart</u>, 90 F.3d at 104.

Alternatively, the Court finds that even if it does not "resolve" jurisdictional facts, but instead accepts as true Plaintiff's unsubstantiated factual allegations, Plaintiff's claims are still barred by <u>Feres</u>. <u>Feres</u> bars Plaintiff's claim for injuries sustained while traveling <u>on base</u> toward an <u>on-base</u> fitness facility to participate in "recreational" exercise utilizing a military fitness facility even if, as Plaintiff asserts, he was "not on duty" and "scores" of civilians access Norfolk Naval Base on a daily basis.[5] Notably, Plaintiff does

---

[5] Plaintiff's assertion that "scores of civilians . . . are permitted entry [to the base] on a routine basis," ECF No. 11, at 4, fails to effectively undercut Defendants' factual contention that access to the

11

not contest Defendants' assertion that Plaintiff was on "active duty" status with the military at the time of the incident (as contrasted with a "furlough status")⁶ even assuming that he was "off duty" at the moment the accident occurred because his workday had not yet begun. See Aikens, 811 F.3d at 651 (discussing the breadth of the Feres doctrine and noting that "a plaintiff need not be on duty" for it to apply). Plaintiff also fails to call into question the fact that: (1) his employment with the Navy required him to pass a semi-annual "Physical Fitness Assessment"; or (2) that he had access to the on-base gym as a result of his status as a member of the Navy. As explained by the Fourth Circuit, "an active-duty serviceman <u>temporarily in off-duty status</u> and engaged in <u>recreational</u> activity <u>on a military base</u>, cannot sue the United States for the alleged negligence of another serviceman or civilian employee of the military." Hass, 518 F.2d at 1142; see Kessler, 514 F. Supp. at 1322-23. While Plaintiff's version of events

---

base is restricted from the general public because the sheer number of civilians that have <u>authorization</u> to access such a large military facility says nothing about whether authorization to be present is required.

⁶ The Government states in its brief that Plaintiff was on "active duty" and cites the sworn assertion from Plaintiff's Navy supervisor that Plaintiff "was employed by the U.S. Navy, held the rank of Petty Officer Second Class, and was . . . assigned to the [Electronic Warfare Database] Division." ECF No. 7-1, ¶ 2. To the extent such evidentiary statement does not specifically use the term "active duty," the Court notes that Plaintiff has never contested such fact in any filing before this Court despite the fact that he bears the burden of demonstrating that the Government unequivocally waived its sovereign immunity. Adams, 697 at 1219. Therefore, the weight of the evidence supports the conclusion that Plaintiff was on active duty status at the time of the accident.

presents a closer question, because his status as a Navy employee both gave him access to the on-base gym and required him to maintain a level of fitness, his on-base injury occurring while he was traveling to a military exercise facility was directly connected to his military service, even if his workout was intended to be "recreational." Hass, 518 F.2d at 1141-42; Stewart, 90 F.3d at 105. Accordingly, the Feres doctrine bars Plaintiff's suit against the United States, and Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.[7]

### C. Plaintiff's Uninsured Motorist Claim Cannot Proceed

The Court separately finds that Plaintiff's uninsured motorist claim alleged in Count Two of the complaint fails because an uninsured motorist claim under Virginia law cannot proceed until the plaintiff first secures entry of judgment against a tortfeasor. Boggs-Wilkerson, 2011 WL 6934598, at *2; Mutual Ins. Co. v. Hylton, 260 Va. 56, 61, 530 S.E.2d 421, 423 (2000). Pursuant to Virginia statute, even in cases involving immune defendants, a "plaintiff must obtain a judgment against

---

[7] To the extent Plaintiff seeks to focus the Court's analysis on precedent that discusses the several identified "rationales" behind the Feres doctrine, this Court finds that such analysis leads to the same result in this case, as best illustrated by the Fourth Circuit's analysis in Stewart, a case involving an on-base car accident. Cf. Aikens, 811 F.3d at 651 ("[T]he situs of the injury is not as important as 'whether the suit requires the civilian court to second-guess military decisions . . . and whether the suit might impair essential military discipline.'" (quoting United States v. Shearer, 473 U.S. 52, 57 (1985))).

the named defendant" before the plaintiff is authorized to pursue relief from his or her own insurer. Boggs-Wilkerson, 2011 WL 6934 598, at *2 (citing Va. Code § 38.2-2206(F)); see Erie Ins. Co. v. McKinley Chiropractic Ctr., P.C., 294 Va. 138, 139, 803 S.E.2d 741, 742 (2017) ("An injured party possesses no right to recover tort damages from the tortfeasor's insurer until reducing to a judgment his claim against the tortfeasor") (citations omitted).

In Mutual Insurance v. Hylton, the Supreme Court of Virginia held that even though Virginia Code § 38.2-2206(F) gives an automobile insurer "the right to file pleadings" and take other legal action in its own name or in the name of the uninsured motorist, the fact that the insurer has such rights does not allow an injured plaintiff to obtain a judgment directly against the insurer in a tort proceeding. Hylton, 260 Va. at 61, 530 S.E.2d at 423. Although Virginia's requirement that a plaintiff first obtain a judgment against the tortfeasor leads to an obvious remedy gap if the tortfeasor is immune from suit, Virginia statute endeavors to eliminate such gap by creating a statutory process allowing an injured party to obtain a judgment against an otherwise immune defendant. Va. Code § 38.2-2206(B), (F). However, while the Virginia legislature has the power to modify the immunity enjoyed by state actors that are named in a lawsuit in order to eliminate such remedy

"gap," the Supremacy Clause of the United States Constitution prevents such state legislative body from modifying the scope of the federal Government's sovereign immunity, to include the United States' immunity <u>from suit</u>. See Boggs-Wilkerson, 2011 WL 6934598, at *5-*7 (analyzing the Virginia statute, in detail, as well as its interplay with the Supremacy Clause of the United States Constitution); see also Johnson v. Puckett, 80 Va. Cir. 310, 313 (2010) (finding that the City of Roanoke, Virginia, although immune, "should <u>remain a party in this action</u> for the sole purpose of [the plaintiff] obtaining a judgment that can be enforced against the insurers).

Here, because the United States properly substituted itself for Davis, federal law precludes Plaintiff's suit from proceeding against Davis, either directly, or as a "nominal defendant." Id. Similarly, the Feres doctrine precludes Plaintiff's suit from proceeding against the United States, either directly, or as a "nominal defendant." Id. at *7; see also United States v. Bormes, 568 U.S. 6, 9 (2012)). Because Plaintiff has not named a valid defendant against whom a judgment may be entered, Plaintiff's uninsured motorist claim cannot proceed.[8]

---

[8] The Court has fully considered the discussion in Boggs-Wilkerson regarding the apparent ambiguity in the interplay between subsections (B) and (F) of Va. Code § 38.2-2206 and agrees with the resolution of such ambiguity in Boggs-Wilkerson in light of Johnson, Hylton and other longstanding Virginia precedent establishing that entry of judgment

15

Having made such finding, this Court notes its agreement with the observation in Boggs-Wilkerson that such result "may seem inequitable." Boggs-Wilkerson, 2011 WL 6934598, at *5. However, unless and until the Virginia legislature modifies the statutory procedure set forth in Va. Code § 38.2-2206(F) to allow a Plaintiff to proceed <u>directly against an insurer</u> in the circumstances now before this Court, such "perceived unfairness" cannot be avoided. Id. Stated differently, this Court both lacks the authority to rewrite a Virginia statute and lacks the authority to elevate a sound equitable argument over the United States' authorized invocation of its sovereign immunity from suit.

### IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction. ECF No. 6. The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 7, 2019

---

against a tortfeasor is a necessary prerequisite to securing a judgment against an insurer.